
FILED
MAR 2 6 2018
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| ANITA K. HENRY,<br>Plaintiff,<br><br>v.<br><br>MAZDA MOTOR CORPORATION,<br>Defendant. | CASE NO.: 5:18-CV-111-BO<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW Plaintiff Anita Henry, *pro se*, and asserts consumer warranty claims in the nature of contract, stemming from her purchase of a new 2014 Mazda car, pursuant to the following statutes:

A. the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et. seq.* and the Magnuson-Moss Act Regulations, 16 CFR §703.1 *et. seq.* (hereinafter referred to collectively as "Federal Warranty Law");

B. the New Motor Vehicles Warranties Act, N.C.G.S. §20-351, *et. seq.* (hereinafter referred to as "North Carolina Lemon Law");

C. N.C.G.S. §25-2-313 of the Uniform Commercial Code (hereinafter referred to as "North Carolina Express Warranty Law"), which governs consumer warranties that are actionable under both the specified North Carolina statute and under 15 U.S.C. §2310(D)(1) of Federal Warranty Law; and

D. N.C.G.S. §25-2-314 of the Uniform Commercial Code (hereinafter referred to as "North Carolina Implied Warranty Law"), which governs consumer warranties that are actionable under both the specified North Carolina statute and under 15 U.S.C. §2310(D)(1) of Federal Warranty Law.

1

## JURISDICTION and VENUE

1. Venue lies in this Court because an authorized Mazda dealership, Capital Mazda Cary, entered into the pertinent sales contract with Plaintiff in Wake County.

2. Jurisdiction lies in this Court on the following separate bases: [A] because Plaintiff's Federal Lemon Law claim creates a federal question and arises under federal law and, further, because this Court's assumption of jurisdiction is required to enforce the pertinent federal statutes; [B] because Plaintiff's two (2) consumer, Uniform-Commercial claims are expressly actionable in this Court pursuant to 15 U.S.C. §2310(D)(1); [C] because diversity exists between the parties and the amount in controversy exceeds $75,000; and [D] because this Court has supplemental jurisdiction over Plaintiff's sole remaining North Carolina claim.

## PARTIES

3. Plaintiff Anita Henry (hereinafter referred to as "Ms. Henry") is a resident of Wake County, and at all pertinent times, she qualified as a consumer.

4. Defendant Mazda Motor Corporation (hereinafter referred to as "Mazda Motor") is a foreign corporation that is not registered to transact business in the state of North Carolina. Its corporate headquarters is located in Hiroshima, Japan; and its American corporate headquarters is located in Irvine, California. Mazda Motor manufactures vehicles that are sold under the Mazda brand name.

## COUNT 1

## FEDERAL WARRANTY LAW CLAIMS AGAINST MAZDA MOTOR

5. On March 26, 2014, Ms. Henry entered into a contract with Capital Mazda Cary, which is an authorized Mazda dealership, in order to purchase a new 2014 3s Grand Touring car, VIN # JM1BM1W77E1170770. She purchased the car for family and household use.

6. Ms. Henry made a down payment on the purchase price, and she financed the remainder of the purchase price under a financing agreement that the dealership arranged with JPMorgan Bank, which was referred to as "Mazda Finance".

7. **Mazda Motor's Express Warranties on the Car**: Mazda Motor gave Ms. Henry warranties which fully covered, *inter alia*, nonconformities and defects that are the subject of this suit, as a co-warrantor.

8. In entering into a sales contract to buy the car, Ms. Henry relied on Mazda Motor's express warranties, promotions, affirmations of fact, marketing materials, and promises, and, further, on its implied warranties respecting the reliability, safety, and features of the car, as a basis for her bargain.

9. **Ms. Henry's Complaints of A "Series" of Nonconformities and Defects:** Thereafter, Ms. Henry complained of a series of defects in the car, each of which substantially impaired the car's value to her. Mazda-authorized dealerships were given opportunities to repair each defect whenever she complained.

10. Ms. Henry complained of the following five (5) defects and nonconformities in the car:

    A. Four (4) separate complaints that the car had a serious problem with shifting of its gears;

    B. Five (5) separate complaints that the car's headlights did not illuminate the road sufficiently and, further, that they were angled improperly for nighttime driving;

    C. Five (5) separate complaints that the car was seriously unstable on the roadway at high speeds;

    D. Five (5) separate complaints that radio reception was extremely poor; and

    E. One (1) complaint that the navigation system got lost often; gave incorrect directions; and spoke inaudibly.

11. **The Defect in the Shifting of Gears**: In response to Ms. Henry's complaints during test drives that the car was jerking seriously between gearshifts, Mazda dealerships either [A] denied there was any such problem and denied the car was jerking at-all between gearshifts or [B] denied the jerking was serious, stating that there was only "extremely slight hesitation" between gearshifts; that the hesitation was too insignificant to merit repair; and that no repair was possible since no technical bulletin existed that described such a repair.

12. Less than one (1) month later, at less than 4,000 miles, the gears of the car jammed. The car was towed to the Mazda dealership because it was un-drivable.

13. **The Defective Illumination Pattern of the Car's Headlights**: When Ms. Henry repeatedly complained that the car's headlights projected too low on the roadway, Mazda dealerships advised her that the angle of the car's headlights could not be adjusted further because the headlamps were built into the car's chassis.

14. **Arbitration As A Precondition of Litigation:** Mazda and its agents were legally permitted to require Ms. Henry to undergo an informal settlement procedure prior to litigation. Ms. Henry initiated and participated in arbitration prior to filing suit.

15. **Mazda Motor's Failure to Offer the Prescribed Types of Damages**: Ms. Henry participated in arbitration fully and in good faith. (Although she received a favorable arbitration decision, Mazda Motor declined to arbitrate several types of damages that are prescribed under the two (2) pertinent bodies of law.)

16. **The Preconditions to the Plaintiff's Claims**: Ms. Henry has satisfied the preconditions to her assertion of claims against Mazda Motor as follows:

   A. Ms. Henry initiated and underwent arbitration.

   B. Ms. Henry notified Mazda Motor and/or its agents of her intent to initiate civil suit prior to bringing this suit.

   C. Ms. Henry notified Mazda Motor and/or its agents that she revoked her acceptance of the car, and she indicated her willingness to return the car.

17. **Ms. Henry's Reliance**: In reliance on Mazda's express warranties, promotions, and marketing materials and, further, in reliance on the merchantability of the vehicle, Ms. Henry purchased the car.

18. **Ms. Henry's Loss of the Benefit of Her Bargain**: As a result of the aforesaid defects and nonconformities in the car, Mazda Motor's inability or refusal to remedy the series of defects and nonconformities in the car, and, further, Mazda Motor's refusal to compensate her the damages prescribed by Federal Warranty Law and North Carolina Lemon Law, Ms. Henry has been deprived of the benefit of her bargain. Furthermore, she has paid more for the car than it was worth; she has incurred finance charges for the same; she has been unable to use the vehicle for its intended purpose; and she has sustained other incidental and consequential damages, as well.

---

19. Mazda Motor breached its express warranties, implied warranties, and service repair obligations under the Magnuson-Moss Warranty Act and its attendant Regulations.

20. Furthermore, Mazda Motor failed to remedy the defects and malfunctions in the car after a reasonable number of repair attempts and/or after its receipt of a reasonable number of complaints of defects from Ms. Henry.

5

Case 5:18-cv-00111-BO   Document 1   Filed 03/26/18   Page 5 of 8

WHEREFORE, Ms. Henry demands judgment against Mazda Motor for ONE HUNDRED THOUSAND SIXTY-TWO ($162,000), including the full contract price and related charges incurred at the time of sale; collateral charges; finance charges; incidental damages; consequential damages; and treble damages under the Magnuson-Moss Warranty Act and its attendant Regulations. She also demands judgment for costs; attorneys fees; and interest.

## COUNT 2

### NORTH CAROLINA LEMON LAW CLAIMS AGAINST MAZDA MOTOR

21. Ms. Henry hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 herein.

22. Mazda Motor breached its obligations under North Carolina Lemon Law because it failed to make or to arrange repairs of substantially impairing defects and nonconformities, which repairs were required to conform the subject car to its expressly warrantied condition—after Mazda Motor had made a reasonable number of repair attempts and/or after it had received a reasonable number of complaints of defects from Ms. Henry.

WHEREFORE, Ms. Henry demands judgment against Mazda Motor for ONE HUNDRED THOUSAND SIXTY-TWO ($162,000), including the full contract price and related charges incurred at the time of sale; collateral charges; finance charges; incidental damages; consequential damages; and treble damages under North Carolina's Lemon Law. She also demands judgment for costs; attorneys fees; and interest.

## COUNT 3

### EXPRESS WARRANTY CLAIMS AGAINST MAZDA MOTOR

23. Ms. Henry hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 herein.

6

Case 5:18-cv-00111-BO   Document 1   Filed 03/26/18   Page 6 of 8

24. Mazda Motor provided express warranties, promotions, affirmations of fact, market materials, and promises with respect to the car Ms. Henry purchased.

25. In reliance on Mazda's express warranties, promotions, affirmations of act, marketing materials, and promises, Ms. Henry purchased the car.

26. Because of the condition the car was in at the time of sale, Mazda Motor breached the express warranties, affirmations of fact, etc. it made to Ms. Henry.

27. As a result of the aforesaid defects and nonconformities in the car, Ms. Henry has been deprived of the benefit of her bargain. Furthermore, she has paid more for the car than it was worth; she has incurred finance charges for the same; she has been unable to use the vehicle for its intended purpose; and she has sustained other incidental and consequential damages, as well.

WHEREFORE, Ms. Henry demands judgment against Mazda Motor for compensatory damages, incidental damages, and consequential damages in the amount of NINETY-FIVE THOUSAND DOLLARS ($95.000.00) for breach of its express warranties, plus costs, attorneys fees, and interest.

## COUNT 4

### IMPLIED WARRANTY CLAIMS AGAINST MAZDA MOTOR

28. Ms. Henry hereby incorporates by reference the allegations contained in Paragraphs 1 to 19 herein.

29. The car Ms. Henry bought was subject to an implied warranty of merchantability.

30. The car failed to comply with its implied warranty of merchantability at the time of sale.

WHEREFORE, Ms. Henry demands judgment against Mazda Motor for compensatory damages, incidental damages, and consequential damages in the amount of NINETY-FIVE THOUSAND DOLLARS ($95.000.00) for its breach of implied warranties, plus costs, attorneys fees.

## DEMAND FOR JURY TRIAL

Ms. Henry demands trial by jury.

*[signature]*

Anita K. Henry, *Pro Se*
912 Brittley Way
Apex, North Carolina 27502
Telephone: 919-355-2503
Email: ahenry8@nc.rr.com